FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 20 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>OMAR MONDANO-ORDAZ,<br><br>Defendant. | 15-CR-372<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**Appearances**

**For United States:**     Girish Karthik Srinivasan
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-254-6299
Email: karthik.srinivasan@usdoj.gov

**For Defendant:**     John S. Wallenstein
1100 Franklin Avenue, Ste. 100
Garden City, NY 11530
Tel: 516-742-5600
Email: jswallensteinesq@aol.com

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ........................................................................................................................ 1
   A. Instant Offense: Illegal Reentry ................................................................................. 2
   B. Arrest ......................................................................................................................... 2
   C. Guilty Plea ................................................................................................................. 2
   D. Sentencing ................................................................................................................. 3
II. Offense Level, Category, and Sentencing Guidelines Range ............................................ 3
III. Law ..................................................................................................................................... 4
IV. 18 U.S.C. § 3553(a) Considerations ................................................................................... 5
V. Consistency in Sentencing .................................................................................................. 6
VI. Sentence .............................................................................................................................. 6
VII. Conclusion .......................................................................................................................... 7

## I. Introduction

Defendant Omar Mondano-Ordaz is a Mexican citizen who has repeatedly entered the United States illegally; first as a young man in pursuit of a "better life" and later to join his family and avoid the high rate of violent crimes in Mexico City. He pled guilty to the offense of illegal reentry after having previously been deported from the United States following his conviction for the commission of an aggravated felony, in violation of sections 1326(a) and 1326(b)(2) of title 8. Presentence Investigation Report, Jan. 14, 2016 ("PSR"), at ¶¶ 1-4.

On April 4, 2016, Mr. Mondano-Ordaz was sentenced to time served, three years of supervised release, and a $100 special assessment. He is expected to be deported following his release from criminal custody in the present case. *See* Sentencing Hearing Transcript, Apr. 4, 2016 ("Sent. Hr'g"). The defendant's repeated illegal returns to the United States would normally result in a period of incarceration. However, because of the unique circumstances of the case, a sentence of time served is appropriate. An additional period of incarceration would burden the taxpayers

with an unnecessary cost, while depriving the defendant's family, and particularly his ill five-month old daughter, the benefit of his paycheck.

### A. Instant Offense: Illegal Reentry

On June 25, 2015, defendant was arrested by the New York City Police Department in Queens, New York. He was charged with harassment in the first degree and stalking in the fourth degree. PSR at ¶ 4. Immigration and Customs Enforcement ("ICE") was notified and, after running defendant's fingerprints through its database, determined that he had previously been removed from the United States on two separate occasions. *Id.* ICE could not locate any record of defendant having applied for permission to reenter the country. *Id.* at ¶ 21.

### B. Arrest

Defendant was transferred from state custody to federal custody on July 17, 2015. He has since remained in federal custody. *Id.* at ¶ 4; *see also* Sent. Hr'g.

### C. Guilty Plea

On October 29, 2015, Mr. Mondano-Ordaz pled guilty to count one of a single-count indictment. *See* PSR at ¶ 1. Charged is that on June 25, 2015, defendant, a non-citizen who had previously been deported from the United States following a conviction for an aggravated felony, was found in the United States without the express consent of the United States Department of Homeland Security, in violation of sections 1326(a) and 1326(b)(2) of title 8. *See id.*; 8 U.S.C. §§ 1326(a), 1326(b)(2).

The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is twenty years. *See* PSR at ¶ 46; 8 U.S.C. §§ 1326(a), 1326(b)(2).

### D. Sentencing

A sentencing hearing was conducted on April 4, 2016. *See* Sent. Hr'g. Before sentencing, defendant affirmed his guilty plea. *Id.* The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

The base offense level is 8. *See* PSR at ¶ 9; U.S.S.G. § 2L1.2. The offense level was increased by 8 points because defendant illegally reentered the United States after sustaining a conviction for an aggravated felony. PSR at ¶ 10; U.S.S.G. § 2L1.2(b)(1)(C). The offense level was decreased by two points for defendant's acceptance of responsibility, and another one point because the defendant timely notified the government of his intention to enter a plea of guilty. PSR at ¶¶ 16-17; U.S.S.G. §§ 3E.1.1(a)-(b); *see also* United States Sentencing Mem., Mar. 29, 2016, ECF No. 23.

The total adjusted offense level is 13. PSR at ¶ 18. Defendant's criminal history category is III. *Id.* at ¶ 23. This yields a Guidelines sentencing range of 18 to 24 months of imprisonment. *Id.* at ¶ 47. The parties do not object to the above Guidelines calculation. *See* Sent. Hr'g; *see also* United States Sentencing Mem., Mar. 29, 2016, ECF No. 23.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must

instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

III. **Law**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014)

4

("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Mondano-Ordaz grew up in "average" financial conditions in Mexico, where his family "didn't have a lot," but had "just enough" to get by. PSR at ¶ 30. Both of his parents reside in Mexico City. Defendant's father is employed as a construction worker. He suffers from diabetes. His mother is a homemaker. *Id.* at ¶ 28.

Defendant attended school in Mexico City, but only completed a tenth grade level education. *Id.* at ¶ 41. At the age of sixteen, he chose to come to the United States in search of a "better life." *Id.* at ¶¶ 31, 41.

While in the United States, defendant began a romantic relationship with the mother of his children, a United States citizen. They have two daughters—one is four years old and one is approximately five months old. They all currently reside in Queens, New York. Defendant's youngest daughter was born with a "small hole" in her heart, which causes her heart to beat "very hard." *Id.* at ¶ 32. Her condition is expected to resolve itself without surgery, but she is currently prescribed medication and seen by a doctor every three weeks. *Id.*

Defendant's family (his partner and two children), although United States citizens, are prepared to relocate with him to Mexico in order to remain united. *Id.* at ¶ 34. Because defendant has indicated that he will no longer have any reason to illegally return to the United States, the interests of justice are best served by having him deported back to Mexico immediately. Imposing

a custodial sentence would require the United States to pay for defendant's incarceration while also depriving his two children of the support that his paycheck would provide.

V. **Consistency in Sentencing**

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time, with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Palhua*, No. 15-CR-536, 2016 WL 1222257, at *3 (E.D.N.Y. Mar. 24, 2016) (finding that "the most appropriate action . . . is to sentence [defendant] to time served so that he can be deported immediately").

VI. **Sentence**

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Mondano-Ordaz is sentenced to time served and supervised release for a term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013. No fine is levied because Mr. Mondano-

6

Ordaz has no substantial assets and is unlikely to be able to pay a fine. PSR at ¶¶ 44-45; Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Mondano-Ordaz pled guilty to a serious offense that he has repeatedly committed. He served approximately nine months in prison, unable to provide for his family and ill infant daughter. Defendant will be deported and suffer the collateral consequences of a felony conviction, as well as the conditions of a three year supervised release term.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 6, 2016
Brooklyn, New York